JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1039-DOC (DFMx)            Date: July 6, 2016

Title: MALLORCA MAINTENANCE CORPORATION V. GARABED KHATCHOYAN, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO SUPERIOR COURT [7]**

       On June 3 2016, Defendant Garabed Khatchoyan ("Defendant") removed this case from Orange County Superior Court. Notice of Removal (Dkt. 1). In his Notice of Removal, Defendant argues: "1) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 – 1333 and Fair Debt Collection Practices Act ("FDCPA") U.S.C. § 1692(k); 2) Federal jurisdiction exists because the Plaintiff presented a federal question in the Plaintiff's Complaint; 3) the amount in controversy exceeds the diversity jurisdiction threshold of $75,000 pursuant to U.S.C. §§ 1332 & 1441(b). Notice of Removal at 1–2. On July 6, 2016, Plaintiff Mallorca Maintenance Corporation ("Plaintiff") filed a Memorandum of Points and Authorities that the Case Should Be Remanded ("Motion") (Dkt. 7),[1] arguing this Court lacks subject matter jurisdiction.

       After considering the Notice of Removal, the papers filed in conjunction with the Notice of Removal, and Plaintiff's Motion, the Court determines the Court lacks subject

---

[1] Although Plaintiff has not noticed this Memorandum as a Motion (possibly because it was filed in response to the Court's Order to Show Cause Why This Case Should Be Dismissed for Lack of Prosecution (Dkt. 6), the Court construes it as a Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1039-DOC (DFMx)                                Date: July 6, 2016
                                                                                                                                   Page 2

matter jurisdiction over the case. Accordingly, the case is REMANDED to Orange County Superior Court.

## I.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)."). Additionally, the court may remand *sua sponte*, not just upon motion by a party. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1295 (C.D. Cal. 2000).

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

## II.     Analysis

The Court has reviewed the Defendant's Notice of Removal and the underlying Complaint and finds the Court lacks subject matter jurisdiction in this case. "The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist." *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This is an unlawful detainer action. *See generally* Notice of Removal Ex. 4 ("Complaint" or "Compl."). The Complaint only asserts a claim for unlawful detainer, "a cause of action that is purely a matter of state law," *Galileo*, 2009 WL 3157411, at *2, and there is no federal statute or case law cited in the Complaint. "Thus, from the face of the complaint, it is clear that no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 16-1039-DOC (DFMx) | Date: July 6, 2016 |
| | Page 3 |

basis for federal question jurisdiction exists." *Id.*; *see also IndyMac Fed. Bank, F.S.B. v. Ocampo,* No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

      The Court also concludes there is no basis for jurisdiction under the diversity statute, 28 U.S.C. § 1332. For diversity jurisdiction to be proper, the parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Having reviewed Defendant's Notice of Removal, the Court concludes he has failed to provide facts establishing the amount in controversy exceeds $75,000. Plaintiff's Complaint clearly states it seeks damages under $10,000. *See generally* Compl. Defendant's bald assertion that "the real amount in controversy . . . is . . . One Million Two Hundred Thousand Dollars," Notice of Removal at 4, is unavailing. Defendant "bears the burden of establishing that removal is proper—including 'actually proving the facts to support . . . the jurisdictional amount.'" *Galileo*, 2009 WL 3157411, at *2 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)). "Conclusory allegations and mere denials of facts alleged in the complaint are insufficient to meet that burden." *Id.* Accordingly, the Court finds Defendant has failed to prove the amount in controversy exceeds $75,000.

      Finally, the Court concludes there is no basis for jurisdiction under 28 U.S.C. § 1333, "[t]he Constitution's grant of federal jurisdiction for admiralty," *Ali v. Rogers*, 780 F.3d 1229, 1234 (9th Cir. 2015). This statute "allows the filing of claims related to maritime contracts and maritime torts." *Id.* (citation and internal quotation marks omitted). Other than generally asserting the Court has jurisdiction pursuant to § 1333, Defendant fails to provide any facts or arguments to support jurisdiction under this statute.

## III. Disposition

      For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion and REMANDS this action to the Superior Court of California, County of Orange, Harbor Justice Center, Case No. 30-2016-00846453-CL-UD-HNB.

      The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |